# In the United States Court of Federal Claims

Nos. 12-382, 14-3, 15-710, 15-711 (consolidated)
(Filed: 30 April 2021)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BILOXI MARSH LANDS CORPORATION, *et al.*, | \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ORDER**

**Introduction**

On 19 January 2021, the Court issued an order denying in part the government's motion for summary judgment and denying plaintiffs' cross-motion for summary judgment. *See* Opinion and Order, ECF No. 168. On 17 February 2021, plaintiffs filed a motion for partial reconsideration of the 19 January order, arguing "the Court committed legal error by applying a subjective (instead of objective) standard . . . [in determining whether] the accrual of plaintiffs' claims [were] justifiably uncertain." *See* Pls.' Mot. for Partial Reconsideration of the Opinion and Order Dated January 19, 2021 Which Granted in Part and Denied in Part the United States' Mot. for Summary Judgment on the Issue of the Timeliness of the Pls.' Takings Claims and Denied the Pls.' Cross-Mot. for Summary Judgment on the Same Issue ("Pls.' Mot. for Recons."), ECF No. 169 at 3. On 19 February 2021, the parties filed a joint status report ("JSR") presenting the parties' arguments on the scope of additional discovery necessary and proposing a schedule for further proceedings. *See* Joint Status Report, ECF No. 170. The Court held a status conference on 7 April 2021 to discuss plaintiffs' motion and the parties' JSR. *See* Order, ECF No. 171. Following the status conference, and as agreed by counsel, the Court ordered the parties to file a joint status report discussing "any additional discovery necessary prior to trial and how best to resolve the parties' dispute over the appropriate standard to apply in the justifiable uncertainty analysis." *See* Order, ECF No. 172.

On 28 April 2021, the parties filed a joint status report detailing multiple outstanding disputes. *See* Joint Status Report ("April JSR"), ECF No. 175. First, plaintiffs request to be "given the opportunity to file a motion *in limine*" "as early as possible," stating they "[o]therwise . . . respectfully request that the Court set a briefing schedule with dates by which the government must file its opposition to [plaintiffs'] motion [for reconsideration] and plaintiffs must file their reply." *Id.* at 3. The government argues in response "no basis exists for

[p]laintiffs to raise the same issues now presented in [p]laintiffs' motion for reconsideration in the context of a motion *in limine*," noting "motions *in limine* are procedural vehicles for raising evidentiary issues at threshold of trial, and should not be used to revisit legal issues already resolved by the Court." *Id*. at 4.

Second, the parties disagree on the length of additional limited fact discovery appropriate following the Court's 19 January order. *Id*. at 6, 9. Plaintiffs "believe that six months [of additional limited fact discovery] are needed . . . to conduct discovery relative to the plaintiffs' knowledge about the Corps of Engineers' actions and proposals for remedial work conducted along the MRGO." *Id*. at 6. The government states it "believes that a four-month period is adequate, particularly because the issues remaining for discovery are relatively narrow, and because [it] believe[s] that this long-running case should be resolved as quickly as possible." *Id*. at 9.

Third, the parties disagree about whether plaintiffs' contract claims are best resolved at the summary judgment or trial stage. *Id*. at 7, 9–10. Plaintiffs argue all questions surrounding their contract claims "should be resolved at the trial that will have to take place to hear the remainder of the takings claims." *Id*. at 7. The government in response states it "believes that there are potential legal issues regarding [p]laintiffs' contract claims, including statute of limitations issues that the Court may be able to resolve by summary judgment following discovery." *Id* at 9–10.

**Analysis**

In the April JSR, plaintiffs "request[] that the Court reconsider" its decision in the 19 January order on "the issue of the proper standard applicable in a justifiable uncertainty analysis." *Id*. at 1. Plaintiffs in turn request either "the opportunity to file a motion *in limine*" or the Court schedule briefing on their pending motion for reconsideration and seek resolution of this outstanding issue "as early as possible." While neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions *in limine*, the Court may allow such motions "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Motions *in limine* are "'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Graves v. District of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011) (quoting *Bradley v. Pittsburgh Bd. of Educ*., 913 F.2d 1064, 1070 (3d Cir. 1990)). To the extent plaintiffs disagree with the standard the Court already stated applies in a justifiable uncertainty analysis, a motion for reconsideration is the appropriate vehicle "to re-litigate that determination . . . not a motion *in limine*." *City of Wilmington v. United States*, No. 16-1691, 2021 WL 834696 at *4 (Fed. Cl. Mar. 4, 2021). Motions *in limine* may not be used "as a backdoor motion to reconsider" a past decision plaintiffs object to. *Barnes v. District of Columbia*, 924 F.Supp.2d 74, 83 (D.D.C. 2013). Plaintiffs' motion for reconsideration argues the Court "committed legal error" by applying an incorrect legal standard to the justifiable uncertainty analysis. *See* Pls.' Mot. for Recons. at 3. To the extent plaintiffs seek to present similar arguments in either a motion for reconsideration or motion *in limine*, and as plaintiffs seek to resolve the question "as early as possible,"[1] a

---

[1] *In limine* is Latin for "at the outset," and defined by Black's Law Dictonary as "presented to only the judge, before or during trial." In Limine, *Black's Law Dictionary* (11th ed. 2019). The definition and Latin translation of the

motion for reconsideration is the appropriate vehicle to make arguments related to a legal standard expressed in a previous order.[2]  *City of Wilmington*, 2021 WL 834696 at *4.

Pursuant to Rule 7.2 of the Rules of the Court of Federal Claims, the government will have 14 days to file a response to plaintiffs' motion for reconsideration, and plaintiffs will have seven days to file a reply in support of its motion.  The Court will plan to hold oral argument on plaintiffs' motion for reconsideration in New Orleans on 8 July 2021.[3]

Plaintiffs argue in the April JSR six months of additional limited fact discovery is necessary, while the government argues only four[4] months of additional discovery is "adequate."  *See* April JSR at 6, 9.  The Supreme Court has identified "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co*., 299 U.S. 248, 255–56 (1936).  As previously discussed at the 7 April status conference, additional fact discovery will be limited to the narrow issues of discovery on plaintiffs' contract claims and discovery into the subjective knowledge of the plaintiffs on mitigation activities relevant to the justifiable uncertainty analysis.  Five months of additional discovery is sufficient to allow the parties to conduct the necessary limited additional fact discovery.

The parties also argue the Court should schedule supplemental expert reports at this time and dispute whether it would be most efficient to resolve plaintiffs' contract claims with a motion for summary judgment or wait to resolve them until a trial.  *See* April JSR at 5–10.  Allowing the parties to conclude the additional fact discovery prior to resolving these disputes or scheduling supplemental expert reports will allow the parties to have complete information on the value of expert reports or any motions for summary judgment and may resolve some of the issues between the parties without further Court intervention.  Such a schedule may therefore conserve the time and resources of the Court and parties.  *Landis*, 299 U.S. at 255–56.

**Conclusion and Schedule**

For the foregoing reasons, the Court **ADOPTS** the following case management schedule.

| Event | Deadline |
| --- | --- |

---

motion imply a motion *in limine* should be filed only on at the outset of trial, rather than before discovery is complete.

[2]  Plaintiffs allege in the April JSR the government's argument "plaintiffs cannot or should not be allowed to file a motion *in limine* ahead of trial . . . lacks legal support and is contrary to prior decisions by this Court cited above."  With this allegation, however, Plaintiffs do not provide any caselaw or other citation to support the argument a motion *in limine* is the appropriate motion to resolve the dispute before the Court prior to a point in time after discovery closed and immediately before a future trial.  *See* April JSR at 1–3.

[3]  The Court will already be in New Orleans at this time for a hearing in a different case involving the same counsel for plaintiffs.  Holding oral argument on plaintiffs' motion for reconsideration in New Orleans on 8 July will therefore preserve judicial time and resources, as well as allow plaintiffs' co-counsel or any of the property owners the opportunity to attend the hearing.

[4]  The Court notes, although the government argues only four months of additional discovery is appropriate, the government's proposed schedule would allow for almost five months of discovery.  *See* April JSR at 10 (calling for additional fact discovery between 3 May and 30 September, a total time period of 4 months and 27 days).

| 3 May 2021 | Parties commence further factual discovery limited to plaintiffs' contract claims and plaintiffs' subjective knowledge of any mitigation activities factoring into a justifiable uncertainty analysis |
| --- | --- |
| 14 May 2021 | The government files a response to plaintiffs' motion for reconsideration of the Court's 19 January order |
| 21 May 2021 | Plaintiffs file a reply in support of their motion for reconsideration |
| 8 July 2021 | Planned date for oral argument on plaintiffs' motion for reconsideration in New Orleans, Louisiana |
| 4 October 2021 | Factual discovery concludes |
| 11 October 2021 | The parties shall file a joint status report stating whether either party seeks at this point to disclose supplemental expert reports, stating whether either party seeks to file a motion for summary judgment on plaintiffs' contract claims, and proposing a schedule for further proceedings |

**IT IS SO ORDERED.**

    s/ Ryan T. Holte
    RYAN T. HOLTE
    Judge